13739

LEAGUE v. SOUTH CAROLINA NATIONAL BANK

(172 S. E., 121)

266 

*Mr. Wilton H. Earle,* for appellant, 

*Messrs. Haynsworth & Haynsworth,* for respondent,

December 20, 1933.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

On December 28, 1931, Fiske-Carter Construction Company of Worcester, Mass., drew a check for $203.79, in favor of the plaintiff on The South Carolina National Bank at Greenville, the company having sufficient funds in that bank to meet its payment. This check, with other items, was deposited by plaintiff in the Peoples State Bank of Greenville on December 31, 1931, about ten minutes before closing time. On the same afternoon, between .2 and 3 o'clock, the Peoples State Bank had a settlement with the defendant bank covering a clearing house balance in the sum of $38,-136.96 due by it to the latter bank. It made such settlement by paying in cash $30,453.82 and the balance in checks drawn on the Federal Reserve Bank and on the defendant bank, the check given by Fiske-Carter Company to the plaintiff being one of those used in the transaction. January 1, 1932, being a legal holiday, no banking business was done; and on the next morning, January 2, the Peoples State Bank was closed for liquidation. The plaintiff thereafter made demand on the defendant for the sum of money represented by the check in question, and upon its refusal to make payment brought this action for damages for $2,000.00, "based upon willful fraud by defendant of plaintiff's rights." The case was tried in the Court of Common Pleas for Greenville County, Judge J. Henry Johnson presiding. At the close of the testimony, the Court directed a verdict for the defendant on the ground that the evidence was not sufficient to take the case to the jury on the question of fraud.

The appellant, plaintiff below, argues that the circumstances under which the settlement of the clearing house balance was made were sufficient to put the defendant bank on notice that something was wrong and to render it liable to the charge of fraud in accepting the check; that, in any event, the inference to be drawn from all of the unusual and suspicious circumstances disclosed by the testimony required the issue of fraud to be submitted to the jury for their determination.

While the settlement between the two banks may not have been in the usual way, we find nothing in the testimony that indicates that the transaction as made was a fraud on the plaintiff. It appears that the banks in Greenville maintain a clearing house association through which checks held by its various members on each other are exchanged, a rule of the association being that "the hour for making exchange of clearing shall be at ten o'clock A. M., when the messenger from each one of the association banks shall appear with their respective demands, each bank's checks being enclosed in a separate sealed envelope and the total marked thereon." While the balances are struck at the time named in the rule, their actual settlement is necessarily made later in the day, usually during the regular banking hours. No good reason, however, is made to appear why such settlement may not be postponed until after the closing hour, if such arrangement between the banks better suits their convenience, there being no rule or law forbidding it.

D. F. Gilliam, a witness for the defendant, stated that he was teller in the Peoples State Bank before its closing December 31, 1931, and that he made the settlement with the cashier of the defendant bank of the balance owing it by the Peoples State Bank; that he paid thirty odd thousand dollars in cash and over seven thousand dollars in checks on the defendant bank, which were accepted by its cashier; that he had no cause to think at the time that the Peoples State Bank was insolvent, but that he heard on the night of

January 1, the following day, that it would not reopen for business. James F. Davenport testified that he is the cashier of the defendant bank; that the Peoples State Bank asked him to postpone the settlement of the clearing house balance until after banking hours on December 31, which he agreed to do; that this was a day of unusually heavy business, involving a great deal of work on the part of the bank officials; that he had not heard any report that the Peoples State Bank would not reopen, and that the check of Fiske-Carter Company to the plaintiff was accepted by the defendant in good faith and was charged to the account of the makers on the same day.

It is seen from this testimony, which is undisputed, that the settlement between the two banks was postponed until after the closing hour at the request of the Peoples State Bank, and that the officers of neither bank at the time suspected, or had any reason to think, that the latter bank was insolvent. It is true that W. C. Beacham, the president of the Peoples National Bank, testified that there were rumors afloat in Greenville two or three days before the Peoples State Bank failed that it would fail, but there is an entire lack of evidence that such rumors had come to the knowledge of any of the officers or employees of the defendant bank. We conclude, therefore, that, although the settlement was not made in the usual or customary way, in the absence of evidence that the defendant knew of the insolvency of the Peoples State Bank, or that it had any reason to suspect it, the irregularity complained of, if it may be called such, furnishes no ground for inference that a fraud was practiced upon the plaintiff. The fact that the check was deposited by plaintiff in the Peoples State Bank about ten minutes before the closing hour, and used shortly thereafter in making settlement of the clearing house balance, cannot be made the basis of an inference of fraud on the part of the defendant bank, as appellant insists, for the very good reason that there is no testimony that it knew when such deposit was

made. There is nothing in the evidence which shows that the defendant knew that such a check was in existence until it was actually presented in the settlement made between the two banks. It is clear that a directed verdict was proper.

The judgment appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.